

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

May 12, 1959

Honorable Ned Price, Chairman
Industrial Accident Board
Walton Building
Austin, Texas

Opinion No. WW-623

Re: Does the Industrial
Accident Board have
the authority to pay
necessary court costs
in defense of the
Second Injury Fund
created by Sec. 12c-2,
Article 8306, Vernon's
Revised Civil Statutes,
and may the Comptroller
issue warrants for the
payment of such costs?

Dear Judge Price:

We have received your letter of April 22, 1959, in which you request our opinion on the following question:

"Does the Industrial Accident Board have the authority to pay necessary court costs in defense of the Second Injury Fund created by Section 12c-2, Article 8306, Vernon's R.C.S., and may the Comptroller issue warrants for payment of such costs?"

Section 12c-2(a), Article 8306, Vernon's Civil Statutes, providing for the Second Injury Fund, reads as follows:

"In every case of the death of an employee under this Act where there is no person entitled to compensation surviving said employee, the association shall pay to the Industrial Accident Board the sum of Three Thousand Dollars, ($3,000) to be deposited with the Treasurer of the State for the benefit of said

Fund and the Board shall direct the
distribution thereof." (Emphasis
added)

Attorney General's Opinion R-1261 to Honorable
Geo. H. Sheppard, Comptroller of Public Accounts,
dated June 10, 1948, reads in part as follows:

"The 'Second-Injury Fund' is
clearly a trust fund and should be
deposited in the Trust Section of
the State Treasury. It may be dis-
bursed without specific appropria-
tion as it does not come within the
constitutional provision (Sec. 6,
Art. 8, Const. of Texas) which pro-
vides that 'no money shall be drawn
from the Treasury but in pursuance
of specific appropriations made by
law; nor shall any appropriation of
money be made for a longer term than
two years.'"

Since the Second Injury Fund is a trust fund for
the use and benefit of those employees entitled to com-
pensation therefrom, we are of the opinion that the
members of the Board must fulfill the function of the
Trustees of such fund in directing "the distribution
thereof" as well as defending the fund itself from un-
warranted raids by improper claimants.

The Supreme Court of Texas, on June 28, 1950, in
Cause No. A-2642, entered judgment in the case of Miears
v. Industrial Accident Board, 149 Tex. 270, 232 S.W. (2d)
671, and ordered that the costs there involved should be
paid from this fund:

"It is further ordered that the
Petitioner, F. M. Miears, do have and
recover of and from the Second Injury
Fund administered by the Industrial
Accident Board of the State of Texas
all costs in this behalf expended in
this Court and the Court of Civil
Appeals and this decision be certified
to the District Court for observance."

In so doing, the court has established that payment of court costs was a necessary incident to the trustees' protection of the fund, and, therefore, was a proper use of the funds there deposited. The Supreme Court has said that court costs should be paid from this fund. To our mind, the question has been resolved, and the question is now settled law.

You are advised that it is the duty of the Industrial Accident Board to pay court costs incurred in defense of the Second Injury Fund from such fund, and is the duty of the Comptroller to issue warrants in payment thereof.

## SUMMARY

It is the duty of the Industrial Accident Board to pay court costs incurred in defense of the Second Injury Fund from such fund, and it is the duty of the Comptroller to issue warrants in payment thereof.

Yours very truly,

WILL WILSON
Attorney General of Texas

By Tom I. McFarling
Assistant

TIM:zt:rm

APPROVED:

OPINION COMMITTEE

Geo. P. Blackburn, Chairman

L. P. Lollar
Leonard Passmore
Joe Allen Osborn
James Daniel McKeithan
REVIEWED FOR THE ATTORNEY GENERAL
BY: W. V. Geppert